# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JEFFREY MORRISON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 95-cr-0708 DMS<br>Civil Case No. 16-cv-1517 DMS<br><br>**ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Pending before the Court on remand is Petitioner Thomas Jeffrey Morrison's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Following the appeal mandate hearing, Respondent United States of America ("Government") filed a supplemental response, and Petitioner filed a supplemental reply. For the reasons set forth below, the Court grants Petitioner's motion.

## I.
## BACKGROUND

On May 17, 1995, a grand jury charged Petitioner with two counts of federal bank robbery in violation of 18 U.S.C. § 2113(a). (SER 1–2.) Petitioner pled guilty to both counts. (Pet'r's Mot. at 3; Resp't's Opp'n at 2.)

On June 5, 1995, the Government filed an information notifying Petitioner that it intended to seek a life sentence pursuant to the federal three-strikes law, codified at 18 U.S.C. § 3559(c)(1)(A)(i). (SER 3–4.) Under that law, the district

judge must sentence to life in prison any defendant who (1) is convicted in federal court of a "serious violent felony"; and (2) has two or more prior "serious violent felony" convictions in federal or state courts. 18 U.S.C. § 3559(c)(1)(A)(i); *U.S. v. Morrison*, 113 F.3d 1020, 1020 (9th Cir. 1997).

Petitioner's two prior "serious violent felony" offenses were based on his 1979 robbery conviction under California Penal Code § 211, for which he received a three-year prison term, and 1990 robbery conviction under California Penal Code §§ 211 and 12022.5, for which he was sentenced to eight years in prison. (*Id.*) As to his 1990 conviction, Petitioner pled guilty to a violation of § 211 and admitted to a sentence enhancement under § 12022.5 for use of firearm. (SER 8–9; 21–32.) He was sentenced to five years on the robbery and three years consecutive on the enhancement, for a total term of eight years. (SER 59–60.)

On October 6, 1995, Petitioner moved to dismiss the three-strikes sentencing enhancement. He argued, in part, that his 1990 robbery offense did not qualify for enhancement because he did not use or threaten to use a firearm or other dangerous weapon. (SER 6.)

On March 15, 1996, District Judge Irma E. Gonzales held a sentencing hearing. At the hearing, Judge Gonzales found that Petitioner's 1979 robbery conviction constitutes a "predicate offense" under § 3559(c)(3). (SER 187.) As to Petitioner's 1990 robbery conviction, Judge Gonzales determined that Petitioner failed to meet his burden of showing that he did not use a firearm at the time he committed his offense, while the Government established the 1990 robbery was "a predicate offense which qualifies under the three-strikes law." (SER 187, 203–210.) Without specifying which clause she was relying on, Judge Gonzales held that the 1979 and 1990 robbery convictions "are both serious violent felonies which qualify under the three-strikes law[.]" (SER 211.) Accordingly, Petitioner was sentenced to life imprisonment pursuant to the three-strikes enhancement. On March 22, 1996, Petitioner appealed his conviction, which the Ninth Circuit affirmed. *See U.S. v.*

*Morrison*, 113 F.3d 1020 (9th Cir. 1997).

Eighteen years later, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Within one year after *Johnson* was decided, Petitioner filed the instant motion on grounds that at least one of his prior robbery convictions no longer qualifies as a "serious violent felony" under a similar residual clause in the three-strikes law. This Court found the residual clause in the three-strikes law to be distinguishable from *Johnson*, and determined that it was not unconstitutionally vague. Petitioner appealed to the Ninth Circuit.

During the pendency of the appeal, the Supreme Court issued its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya,* the Supreme Court applied *Johnson*, and struck down as unconstitutionally vague the residual clause in 18 U.S.C. § 16(b)—which is "materially indistinguishable" from the residual clause in the three-strikes law. *See United States v. Morrison*, 751 Fed. Appx. 1026, 1027 (9th Cir. 2019). Thus, the Ninth Circuit remanded for the Court to reconsider "in light of that new decision." *See id.* at 1027.

## II.
## LEGAL STANDARD

**A.  28 U.S.C. § 2255**

Pursuant to § 2255, a prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a). If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence

him or grant a new trial or correct the sentence as may appear appropriate." *Id*. § 2255(b).

**B.     *Johnson* and *Welch***

In *Johnson v. U.S.*, 135 S. Ct. 2551, 2555 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague.  The ACCA defined "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

*Id*. at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in original).  The italicized portion of the ACCA has come to be known as the residual clause. *Id*.

In finding the residual clause to be unconstitutional, the Supreme Court first explained the clause left "grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Johnson*, 135 S. Ct. at 2557.  The Court also reasoned that the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony" because it forced courts to determine potential risk "in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives[, which] are 'far from clear in respect to the degree of risk each poses.'" *Id.* at 2558 (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)).  Accordingly, the Court concluded "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.  Several years later, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review in *Welch v. U.S*., 136 S. Ct. 1257 (2016).

C.  *Dimaya*

In *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court examined a similar vagueness issue in the Immigration and Nationality Act ("INA"). The INA makes deportable any alien convicted of an "aggravated felony" after entering the United States and defines "aggravated felony" to include many offenses and types of offenses. Among the items on the list of offenses is "a crime of violence," as defined by 18 U.S.C. § 16. That provision defines "crime of violence" to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 16 (emphasis added). Courts refer to the italicized portion as the residual clause.

Despite minor textual differences from the residual clause in *Johnson*, the Supreme Court held that the residual clause in § 16 violated the "promise" of due process "in just the same way." 138 S. Ct. at 1215.

D.  **Three-Strikes Law**

The federal three-strikes law "enhances the sentence of a defendant who is convicted of a serious violent felony when the defendant previously was convicted of at least two other serious violent felonies." *United States v. Kaluna*, 192 F.3d 1188, 1195 (9th Cir. 1999); 18 U.S.C. § 3559(c)(1)(A)(i). Section 3559(c)(2)(F) defines a "serious violent felony" as:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of ... robbery (as described in section 2111, 2113, or 2118) ... and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or *that,*

*by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense*[.]

18 U.S.C. § 3559(c)(2)(F) (emphasis added). Courts generally refer to the first clause as the "enumerated offense clause," *see* 18 U.S.C. § 3559(c)(2)(F)(i), the first part of the disjunctive statement in the second clause as the "elements clause," *see* 18 U.S.C. § 3559(c)(2)(F)(ii), and the second part of the disjunctive statement as the "residual clause." *See id.*

## III.
## DISCUSSION

Petitioner contends his 1990 robbery conviction under California Penal Code § 211 was categorized as a "serious violent felony" based on the vague residual clause in the three-strikes law.[1] As such, Petitioner claims he no longer has two or more predicate "serious violent felony" offenses required for the three-strikes enhancement. The Government no longer disputes the residual clause in the three-strikes law is unconstitutionally vague under *Dimaya*. (*See* Resp't's Suppl. Opp'n at 1–2.) Instead, it renews its alternative arguments that (1) Petitioner's § 2255 motion is time-barred because his sentence did not implicate the residual clause; and (2) Petitioner procedurally defaulted his claims by failing to raise his vagueness challenge on direct appeal.

A. **Timeliness**

Section 2255 sets a one-year limitations period, which, in pertinent part, runs from the latest of the "date on which the judgment of conviction becomes final" or the "date on which the right asserted as initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[1] Petitioner appears to concede that his 1979 robbery conviction qualifies as a "serious violent felony" under the enumerated offense clause because the statutory maximum for that conviction was not "ten years or more" as required by the residual clause and elements clause. (*See* Pet'r's Mot. at 6; Pet'r's Suppl. Reply at 6.)

applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(1) & (3). Though Petitioner filed his motion within one year of the Supreme Court's *Johnson* decision, the Government contends it is still time-barred because the sentencing court did not rely on the residual clause in determining his 1990 robbery offense was a "serious violent felony." As such, the Government posits that Petitioner cannot rely on *Johnson* to restart the limitations period.

### 1. Sentencing Record and Legal Background

The Government cites an Eleventh Circuit decision, *In re Moore*, 830 F.3d 1268 (11th Cir. 2016), for the proposition that Petitioner must prove that the sentencing court relied on the residual clause in order to obtain relief. (Resp't's Opp'n to Mot. at 7.) However, a subsequent Eleventh Circuit decision found that this standard "seems quite wrong" because it (1) implies district courts should ignore recent Supreme Court decisions such as *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), "unless the sentencing judge uttered the magic words 'residual clause'" and (2) imposes an unfair burden on defendants, especially as nothing in the law requires a judge to specify which clause was relied on in imposing a sentence. *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016).

Indeed, imposing such a burden would lead to inconsistent results, as any judge who sentenced a defendant prior to *Johnson* was "doubtlessly unaware that the sentencing transcript would later be combed for the words 'elements clause' or 'residual clause[.]'" *See id.* at 1341; *see also United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (finding that imposing this burden "would result in 'selective application' of the new rule of constitutional law announced in *Johnson II*, violating the principle of treating similarly situated defendants the same") (quoting *Teague v. Lane*, 489 U.S. 288, 304 (1989)); *United States v. Taylor*, 873 F.3d 476, 480 (5th Cir. 2017) ("Many courts … have rejected the government's position that the defendant must demonstrate that the district judge actually relied

on the residual clause during sentencing."); *Leonard v. United States*, No. 16-22612, 2016 WL 4576040, at *2 (S.D. Fla. Aug. 22, 2016) (finding that it would be unfair to "impose upon [defendant] the high burden of proving the Court relied upon the [] residual clause as opposed to the enumerated or elements clauses at sentencing"). Accordingly, the Court declines to impose this burden on Petitioner.

Next, the Government relies on *United States v. Geozos*, 870 F.3d 890 (9th Cir. 2017), which considered the sentencing record and relevant legal background to determine whether the sentencing court relied on a residual clause in the context of a second § 2255 motion. In *Geozos*, the Ninth Circuit held that "when it is unclear whether a sentencing court relied on the residual clause[,] … but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II*." 870 F.3d at 896. The court clarified that even when the sentencing record is unclear, if "binding circuit precedent at the time of sentencing was that crime Z qualified as a violent felony under [a non-residual clause] … [this] would not render unclear the ground on which the court's [ ] determination rested." *Id.* After considering the "background legal environment and the sentencing record," the court found it was "unclear" whether the sentencing court relied on the residual clause and concluded that defendant's claim relied on *Johnson. Id.* at 897.

Petitioner disputes the applicability of *Geozos* to this case contending its application is limited to the context of a second § 2255 motion. Even assuming the standard in *Geozos* applies only to Petitioner's first § 2255 motion, it remains unclear from the record and relevant legal background whether the sentencing court relied on the residual clause.

First, the record does not demonstrate which clause the sentencing court relied on when it found Petitioner's 1990 robbery conviction to be a "serious violent felony." Though the Government contends the language in the residual clause "was never uttered," "referenc[ed]," or "discuss[ed]," the record also omits any references to the enumerated offense clause or the elements clause. (*See* Resp't's Suppl. Opp'n

at 9.) The Government claims the sentencing court could not have relied on the residual clause because the record indicates Petitioner's § 211 conviction had a maximum sentence of 5 years, which fails to meet the "term of imprisonment of 10 years or more" required under the residual clause. *See* 18 U.S.C. § 3559(c)(2)(F)(ii). However, Petitioner's sentence was enhanced by § 12022.5 for his use of a firearm, which also carried a maximum sentence of 5 years. Accordingly, Petitioner faced a potential ten-year sentence. *See United States v. Rodriquez*, 553 U.S. 377, 393 (2008) (finding that courts must consider recidivist sentencing enhancements in determining the "maximum term of imprisonment").[2] The Government also argues the sentencing court could not have relied on the residual clause because the sentencing enhancement under § 12022.5 is an element of § 211. However, § 12022 enhancements are "sentencing provisions for punishment, not elements of the underlying crime." *United States v. Heflin*, 195 F. Supp. 3d 1134, 1138–39 (E.D. Cal. 2016) (collecting cases); *see also People v. Izaguirre*, 42 Cal. 4th 126, 128 (2007) ("enhancements are not legal elements of the offenses to which they attach"); *May v. Sumner*, 622 F.2d 997, 999 (9th Cir. 1980) ("§ 12022.5 was merely a sentencing provision which provided that if a firearm was used to commit certain felonies, including robbery, increased punishment must ensue. It did not define a separate offense.") (citing *In re Culbreth*, 551 P.2d 23 (1976)). Contrary to the authority cited by the Government, *Sotelo v. United States*, 922 F.3d 848 (7th Cir. 2019), the sentencing court here did not "repeatedly ma[k]e clear that [Petitioner] was being sentenced under the elements clause" or the enumerated offense clause. *See* 922 F.3d at 852.

Second, the Government claims that "binding precedent at the time dictated that California Penal Code § 211 offenses were elements-clause crimes[.]" (*See*

---

[2] The Government does not claim there was any binding precedent at the time of sentencing that held otherwise.

Resp't's Suppl. Opp'n. at 11 (citing *In re Rogers*, 825 F.3d 1335 (11th Cir. 2016).) However, the three cases relied on by the Government are either not binding, *see United States v. Alexander*, 980 F.2d 738 (9th Cir. 1992) (unpublished), or do not stand for this proposition. *See United States v. David H.*, 29 F.3d 489 (9th Cir. 1994); *United States v. McDougherty*, 920 F.2d 569 (9th Cir. 1990). For instance, in *David H.*, the Ninth Circuit found that California robbery under § 211 not only falls within the elements clause of the Juvenile Delinquency Act, *see* 29 F.3d at 494 ("a violation of California Penal Code § 211 includes the element of "threatened use of physical force against the person of another"), but also its residual clause. *See id.* ("It is also a crime 'that, by its very nature, involves a substantial risk that physical force against the person of another may be used.'"). And in *McDoughtery*, the Ninth Circuit found that § 211 was a crime of violence under the residual clause. *See* 920 F.2d at 574 ("Clearly then, robbery as defined in California falls under 18 U.S.C. [§] 16(b) as a felony that 'by its nature, involves a substantial risk' that physical force may be used."). Therefore, even if the sentencing court had relied on these cases in Petitioner's sentencing, they would not "dictate[ ] that California Penal Code § 211 offenses were elements-clause crimes[.]" *See* Resp't's Suppl. Opp'n at 11; *cf. In re Rogers*, 825 F.3d at 1341 (finding *Johnson* does not apply "because binding precedent clearly classifies as elements clause offenses the convictions [petitioner]'s sentencing court relied upon as ACCA predicates").

Because the sentencing court "may have" relied on the residual clause, Petitioner's claim "relies on" *Johnson*. *See, e.g.*, *Geozos*, 870 F.3d at 896 ("[W]hen it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II*."); *United States v. Donnelly*, 710 Fed. Appx. 335, 335 (9th Cir. 2018) ("[Defendant]'s motion relies on *Johnson* … because it challenges a sentence that may have been based on the legal theory that *Johnson* rejected…. The sentence may have been based on an

invalid legal theory because 'it is unclear from the record whether the sentencing court relied on the residual clause.'") (citing *Geozos*, 780 F.3d at 895); *Bevly v. United States*, No. 16-965, 2016 WL 6893815 (E.D. Mo. Nov. 23, 2016) ("In a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause.").

### 2. California Robbery Does Not Fall Within the Elements or Enumerated Offense Clauses

The Court must determine whether Petitioner's 1990 California robbery conviction under § 211 is a violent felony under the elements or enumerated offense clauses. To determine whether a state statute of conviction meets the definition of "serious violent felony" under the three-strikes law, a court must apply the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). The court must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic offense], while ignoring the particular facts of the case." *See, e,g.*, *Mathis v. United* States, 136 S. Ct. 2243, 2248 (2016); *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007). A violation of a state statute is categorically a "serious violent felony" under the three-strikes law "only if the [state] statute's elements are the same as, or narrower than" those included in the three-strikes law's definition of "serious violent felony." *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In identifying the elements of a state statute, a court considers the language of the statute and judicial opinions interpreting it. *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013).

If a state statute is divisible, the Court may "take into consideration certain documents, such as charging documents or a plea agreement, to determine whether the defendant was convicted of violating a prong of the statute that meets the [generic offense definition]." *Rendon v. Holder*, 764 F.3d 1077, 1083–84 (9th Cir. 2014).

However, the Ninth Circuit has specifically found that § 211 is an indivisible statute. *See United States v. Dixon*, F.3d 1193, 1198 (9th Cir. 2015)

Using this framework, the Court begins with the statutory language of § 211, which prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. "Fear" is defined as either "[t]he fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family" or "[t]he fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." *Id.* § 212.

### a. Elements Clause

Petitioner argues that California robbery under § 211 is not a categorical match to the elements clause under the Ninth Circuit's decision in *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015). In *Dixon*, the Ninth Circuit determined § 211 is not a categorical match to the ACCA's elements clause—which is identical to the elements clause in the three-strikes law.[3] *See* 805 F.3d at 1196. The court reasoned that because "one may violate § 211 by *accidentally* using force," it criminalizes a broader swath of conduct than the ACCA elements clause since § 211 "does not require finding the defendant acted with the intent to use force against another[.]" *Id.* at 1196 (citing *People v. Anderson*, 252 P. 3d 968, 972 (2011)) (emphasis in original). The Ninth Circuit reaffirmed this holding in *Garcia-Lopez*, 903 F.3d 887 (9th Cir. 2018), and found that based on *Dixon*, § 211 was not a categorical match for the elements clause of 18 U.S.C. § 16(a) because "the wording of § 924(e)(2)(B)(i) [ACCA's element clause] and § 16(a) are virtually identical" and

---

[3] *Compare* 18 U.S.C. § 3559(c)(2)(F)(ii) ("has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* 18 U.S.C. § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another").

must be interpreted in the same manner.[4] *See Garcia-Lopez*, 903 F.3d at 893. Because the elements clause in the ACCA is identical to the elements clause in the three-strikes law, § 211 is not a categorical match for the elements clause in the three-strikes law.

### b. Enumerated Offense Clause

In order to determine whether § 211 is a categorical match for the enumerated offense clause, the Court must compare the statutory definition of robbery under § 211 with the federal definition of robbery set forth in the three-strikes law. *See* 18 U.S.C. §§ 2111,[5] 2113,[6] 2118.[7] As mentioned, § 211 proscribes "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear," and "encompasses mere threats to property." *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) ("mere threats to property" include statements such as "Give me $10 or I'll key your car" or "Open the cash register or I'll tag your windows").

---

[4] *Compare* 18 U.S.C. § 16(a) ("has as an element the use, attempted use, or threatened use of physical force against the person or property of another") *with* 18 U.S.C. § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another").

[5] Section 2111 provides, in full: "Whoever within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

[6] Section 2113 provides, in relevant part: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or anything of value belonging to ... a bank ... shall be fined under this title or imprisoned not more than twenty years, or both."

[7] Section 2118 provides, in relevant part: "Whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to ... a person registered with the [DEA] shall ... be fined under this title or imprisoned not more than twenty years, or both."

The federal robbery statutes in the three-strikes law all share the common element of taking anything of value "by force and violence, or by intimidation." *See* 18 U.S.C. §§ 2111, 2113, 2118. Relatedly, the Ninth Circuit defines "intimidation" under § 2113 to mean "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in *fear of bodily harm*." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (emphasis added).

Because § 211 includes "mere threats to property," while the federal robbery statutes require, at a minimum, conduct that "would put an ordinary reasonable person in fear of bodily harm," *see id.*, § 211 "sweeps more broadly" than the generic federal crime and thus cannot serve as a statutory predicate. *See U.S. v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014); *see also United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (finding that if the elements of the offense "criminalize a broader swatch of conduct" than the conduct covered by the generic federal definition, the offense "can't qualify as a crime of violence, even if the facts underlying [defendant's] own conviction might satisfy [the generic federal definition]") (citations and internal quotations omitted). Because § 211 punishes conduct that is outside the reach of §§ 2111, 2113 and 2118, it is not a categorical match under the enumerated offense clause in the three-strikes law.

### c. Residual Clause

Because § 211 does not categorically qualify under the elements clause or the enumerated offense clause, Petitioner's prior conviction for § 211 can only qualify as a serious violent felony if it falls under the residual clause. It does not. The Government concedes the residual clause in § 3559 is "materially identical" to the unconstitutionally vague residual clause in *Dimaya*. Thus, Petitioner's 1990 robbery conviction under § 211 may not serve as a predicate offense for the three-strikes law. (*See* Resp't's Suppl. Opp'n at 1–2.)

///

## B. Procedural Default

Next, the Government contends Petitioner procedurally defaulted his claims by failing to raise his vagueness challenge on direct appeal. However, Petitioner's procedural default is excused because he is able to demonstrate cause and prejudice.

A § 2255 motion may be denied as procedurally defaulted if the claim presented was not raised on direct appeal. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). But procedural default is excused if Petitioner shows cause and prejudice for his default. *See id*. at 351. The "cause" prong is satisfied if a petitioner's claim is "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A claim is novel where a Supreme Court decision: (1) "explicitly overrule[s] one of th[e] Court's precedents"; (2) "may overturn[ ] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) "disapprove[s] a practice that th[e] Court arguably has sanctioned in prior cases." *Reed*, 468 U.S. at 17 (internal citations omitted). "By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a … court to adopt the position that [the Supreme Court] has ultimately adopted," and such a case will satisfy the cause requirement. *Id.*

Here, Petitioner satisfies the cause requirement because he has shown that his vagueness challenge falls within the second *Reed* category. At the time of Petitioner's sentencing in 1996, the Ninth Circuit and other circuit courts had consistently rejected a vagueness challenge to the residual clause of the ACCA. *See, e.g., United States v. Sorenson*, 914 F.2d 173, 175 (9th Cir. 1990) ("His void for vagueness argument fails … there is no indication that the sentence enhancement [of the ACCA] is so vague that it grants undue discretion to law enforcement officials.") *United States v. Argo*, 925 F.2d 1133, 1134–35 (9th Cir. 1991) (finding sentence

enhancement of the ACCA is not void for vagueness under *Sorenson*); *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) ("We agree with the Ninth Circuit that '[t]he factors for sentence enhancement under 18 U.S.C. § 924(e)(1) are quite specific' … thus ACCA is not void for vagueness.") (citing *Sorenson*, 914 F.2d 175); *United States v. Veasey*, 73 F.3d 363 (6th Cir. 1995) (unpublished) ("This constitutional argument has been rejected by every Circuit that has considered it …. The ACCA is not unconstitutionally vague.") (internal citation omitted); *see also United States v. Howard*, No 16-1538, 2017 WL 634674, at *3 (S.D. Cal. Feb. 16, 2017) (finding that defendant "demonstrated cause of his procedural default" because "before *Johnson*, vagueness challenges to the residual clauses in ACCA were foreclosed by clear Supreme Court precedent"); *Dota v. United States*, 368 F. Supp. 3d 1354, 1362 (C.D. Cal. 2018) ("It was only after the Supreme Court invalidated the residual clause of the ACCA in *Johnson*, and certainly after the Supreme Court invalidated the identically worded residual clause of § 16(b), that Petitioner's current claim—that the residual clause of § 924(c)(3)(B) was unconstitutionally vague—lost its novelty.")

Petitioner had cause not to challenge the constitutionality of the residual clause on direct appeal because this argument was foreclosed by "a near-unanimous body of lower court authority." *See Reed*, 468 U.S. at 17; *see also Boyer v. United States*, 55 F.3d 296, 299 (7th Cir. 1995) ("[A] theory which has been argued thoroughly and rejected in the past but which now has been accepted for the first time" would "clearly provide[ ] cause for a procedural default[.]"). Petitioner has also established prejudice because he suffered additional custodial time due to application of an erroneous sentencing enhancement. *See* 18 U.S.C. § 3559(c). Accordingly, Petitioner has demonstrated both cause and prejudice sufficient to excuse any procedural default.

/ / /

/ / /

# III.
# CONCLUSION

Because there are not two or more "serious violent felony" predicate offenses supporting Petitioner's sentence under the three-strikes law, Petitioner is entitled to be resentenced on his underlying convictions without the three-strikes enhancement. Accordingly, the Court **ORDERS** the following:

1. Petitioner's motion is **GRANTED**;
2. Petitioner's sentence pursuant to 18 U.S.C. § 3559(c) is **VACATED**. However, all terms and provisions of the original judgment remain in effect;
3. The United States Probation Office shall file a copy of the original Presentence Report and a supplement to the Presentence Report advising the Court of any relevant information pertaining to Petitioner's time in custody and including a sentencing recommendation in accordance with this Order by **June 27, 2019**.[8]
4. A resentencing hearing will be set for **July 11, 2019** at **10:00 a.m**. before the undersigned. Should the parties wish to file memoranda pertaining to the resentencing, they must do so on or before **July 4, 2019.**

**IT IS SO ORDERED.**

Dated: June 12, 2019

Hon. Dana M. Sabraw
United States District Judge

---

[8] The Government has pointed out that after Petitioner's conviction in this case, he also sustained a conviction in state court for robbery under California Penal Code 211 and was sentenced to a term of 25 years to life.